IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

REFUGEE DISABILITY BENEFITS
OREGON and JOHN DOE I, on behalf
of himself and all others similarly situated;

       Plaintiffs,

  v.

ALEX AZAR, in his official capacity as
United States Secretary of Health and Human
Services; NANCY BERRYHILL, in her
official capacity as Acting Commissioner of
the United States Social Security
Administration; and KEN TOTA, in his official
capacity as Deputy Director of the United
States Office of Refugee Resettlement;

       Defendants.

No. 3:17-cv-00279-HZ

OPINION & ORDER

James S. Coon
Thomas, Coon, Newton & Frost
820 SW Second Avenue, Suite 200
Portland, OR 97204

       Attorneys for Plaintiff

Daniel Blessing
United States Department of Justice
Federal Programs Branch
901 E Street, NW
Washington, DC 20630

       Attorneys for Defendants

HERNÁNDEZ, District Judge:

This matter comes before the Court on Defendants' Motion to Dismiss for Lack of Jurisdiction [16] in which Defendants contend this Court should dismiss Plaintiffs' putative class action on the basis that the claims of Plaintiffs and the putative class-members are moot and because they failed to exhaust their administrative remedies. After extensive settlement negotiations between the parties, Defendants' Motion is now fully briefed and the Court heard oral argument on November 27, 2018. For the reasons that follow, the Court denies Defendants' Motion to Dismiss.

## BACKGROUND

Plaintiffs Refugee Disability Benefits Oregon and John Doe I bring this putative class action on behalf of a class of Iraqi and Afghan immigrants who are eligible to apply to receive supplemental security income ("SSI") benefits on account of their service to the United States in Iraq or Afghanistan. Beginning in 2008, Iraqi and Afghan nationals with "special immigrant visaholder" ("SIV") status were eligible to receive SSI for up to eight months. In October 2009 Congress extended that period to provide SIV status-holders up to seven years of SSI eligibility.

It is undisputed that Defendants erroneously continued to apply the shorter period of eligibility to SSI applications filed by at least some SIV status-holders after Congress extended the period of eligibility. After Plaintiffs filed this action in February 2017, Defendants acknowledged the errors and began to undertake efforts to identify the applications of SIV status-holders that had been improperly processed on the basis that the Social Security Administration ("SSA") erroneously applied the shorter period of eligibility.

## DISCUSSION

As noted, Defendants move to dismiss this action on two bases. First, Defendants contend Plaintiffs and the putative class-members failed to exhaust their administrative remedies because

the John Doe Plaintiff and at least some putative class-members failed to pursue their applications through to a final administrative determination. Second, Defendants argue this case should be dismissed because the claims of the John Doe Plaintiff and the putative class-members have become moot as a result of Defendants' efforts to identify and to correct erroneously-processed applications after Plaintiffs instituted this action.

I.  **Exhaustion of Administrative Remedies**

As noted, Defendants contend Plaintiffs' Complaint should be dismissed on the basis that the John Doe Plainitff and at least some class-members failed to exhaust their administrative remedies. Plaintiffs, on the other hand, contend the John Doe Plaintiff and putative class-members adequately presented their claims to the SSA, and that, although the factual circumstances of the putative class-members differ in some respects, the exhaustion requirement should be waived for their claims.

In the Complaint, Plaintiffs allege the "claims for SSI benefits were denied or limited here by defendants' local offices in this district." Compl. [1] ¶ 3. Plaintiffs contend the procedural posture of putative class-members' SSI applications fall into three broad categories. First, Plaintiffs contend the SSA granted the SSI applications of some putative class-members but limited the award of benefits to eight months of eligibility. Second, Plaintiffs assert the SSA denied the applications of some putative class-members because those SIV status-holders had been admitted to the United States more than eight months before filing their claim. Third, Plaintiffs assert some SSA field offices may have declined to accept SSI applications from some

SIV status-holders because their eight-month period of eligibility had expired at the time that they attempted to file their applications.[1]

42 U.S.G. § 405(g), the basis for this Court's subject-matter jurisdiction under the Social Security Act, "requires an SSI claimant to obtain a final judgment from the [SSA] before seeking judicial review." *Johnson v. Shalala*, 2 F.3d 918, 921 (9th Cir. 1993). "A final decision has two elements: (1) presentment of the claim to the Commissioner, and (2) complete exhaustion of administrative remedies." *Kildare v. Saenz*, 325 F.3d 1078, 1082 (9th Cir. 2003).

### A. Presentment

"The presentment requirement is jurisdictional, and therefore cannot be waived." *Johnson*, 2 F.3d at 921. In order to satisfy the presentment requirement, Plaintiffs' actions and those of the putative class-members must "provide an opportunity for the [Commissioner] to consider the claim." *Haro v. Sibelius*, 747 F.3d 1099, 1113 (9th Cir. 2014).

Plaintiff and at least some putative class-members clearly satisfy the presentment requirement because they actually filed applications for SSI and either had their claims denied or limited as a result of SSA's erroneous determination that SIV status-holders were eligible for

---

[1] The class allegations in the Complaint, which remain materially undisputed on the record of this Rule 12(b)(1) Motion, are sufficient at this stage of the proceedings to establish the factual pleadings necessary for first two categories because the Complaint defines the class as those SIV status-holders whose claims for SSI have "been denied on the ground that eight months of eligibility have expired or been limited by any defendant or his or her predecessors to eight months." Compl. [1] ¶ 7. With respect to the third category, Plaintiff submits the Declaration of Sherry Gruenhagen, an attorney who represents SSI claimants in Minnesota, in which Ms. Gruenhagen indicates she was initially told by staff at a local SSA office that SSA would not accept an SSI application from an SIV status-holder because the application was filed outside the eight-month window of eligibility. Gruenhagen Decl. [34] ¶ 3. At this early stage of the proceedings the Court can reasonably infer from the Gruenhagen Declaration and the allegations in the Complaint that some SSA field-office staff declined to accept the applications of SIV status-holders or caused the applications of other putative class-members not to be filed on the basis that SSA field-office staff erroneously determined the putative class-members were not eligible for SSI benefits and advised the would-be applicants to that effect.

only eight months of benefits. With respect to any putative class-members who were either not permitted to file applications or who were dissuaded from filing an application because the SSA personnel erroneously advised them that any application would be futile, the Court concludes their efforts to file an application are sufficient to satisfy the presentment requirement because in both instances the SIV status-holder's inability or failure to file an application was attributable to the SSA's errors. Accordingly, on this record, the Court concludes at this early stage of the proceedings that Plaintiffs have sufficiently established that the John Doe Plaintiff and the putative class-members presented their claims to the SSA.

### B. Exhaustion

The exhaustion requirement, on the other hand, is not jurisdictional and is waivable. *Johnson*, 2 F.3d at 921. The parties agree that the John Doe Plaintiff and at least many of the putative class-members did not fully exhaust their administrative remedies. Accordingly, the parties focus on whether the Court should waive the exhaustion requirement.

The Ninth Circuit has adopted a three-part test for determining whether judicial waiver of the exhaustion requirement is appropriate: "'The claim must be (1) collateral to a substantive claim of entitlement (collaterality), (2) colorable in its showing that denial of relief will cause irreparable harm (irreparability), and (3) one whose resolution would not serve the purposes of exhaustion (futility).'" *Kildare*, 325 F.3d at 1082 (quoting *Johnson*, 2 F.3d at 921).

#### 1. Collaterality

"A plaintiff's claim is collateral if it is not essentially a claim for benefits." *Johnson*, 2 F.3d at 921. When a plaintiff challenges the SSA's failure to follow applicable regulations rather than a specific finding as to whether the plaintiff should be awarded benefits, the plaintiff's claim is considered collateral to a substantive claim of entitlement. *See Kildare*, 325 F.3d at 1082–83.

On this record the Court concludes the claims of Plaintiffs and the putative class-members are collateral to a substantive claim of entitlement. Plaintiffs and the putative class-members do not contend they are entitled to benefits. Instead, Plaintiffs merely seek the adjudication of their claims on the basis of the seven-year period of eligibility rather than an eight-month period of eligibility. As such, Plaintiffs acknowledge that the claims of the John Doe Plaintiff or the putative class-members could still be denied if, for example, the SSA determines an SIV status-holder was not disabled, and, therefore, the applicant is not entitled to SSI benefits on the merits. Accordingly, Plaintiffs' claims, which concern only the appropriate period of eligibility to apply to their claims, are collateral to a substantive claim of entitlement to SSI benefits.

2. *Irreparability*

"A colorable claim of irreparable harm is one that is not 'wholly insubstantial, immaterial, or frivolous.'" *Kildare*, 325 F.3d at 1083 (quoting *Johnson*, 2 F.3d at 922). The economic hardship of having a claim for SSI benefits delayed is sufficient to constitute irreparable harm because "back payments cannot 'erase either the experience or the entire effect of several months without food, shelter or other necessities.'" *Kildare*, 325 F.3d at 1083 (quoting *Briggs v. Sullivan*, 886 F.2d 1132, 1140 (9th Cir. 1989)).

Because the John Doe Plaintiff and the putative class-members have had their applications for SSI benefits erroneously limited, denied, or delayed, the Court concludes Plaintiffs have established irreparable harm as a result of Defendants' errors.

3. *Futility*

Finally, on the futility prong the court must determine whether dismissing the case and leaving the matter up to the agency serves the purposes of the exhaustion requirement. The

exhaustion requirement is designed to permit the agency to "compile a detailed factual record and apply agency expertise in administering its own regulations," to "conserve[] judicial resources," and to allow the agency to "correct its own errors through administrative review." *Johnson*, 2 F.3d at 922; *see also Kildare*, 325 F.3d at 1084. When the claims relate to individual irregularities in the administrative process, courts generally decline to waive exhaustion. *Kildare*, 325 F.3d at 1084. When, on the other hand, the errors relate to a "'systemwide policy' that is 'inconsistent in critically important ways with established regulations,'" the purposes of the exhaustion requirement are not met by dismissal of the matter and the court should waive exhaustion. *Johnson*, 2 F.3d at 922 (quoting *Bowen v. City of New York*, 476 U.S. 467, 485 (1986)).

In this case, the claims of Plaintiffs and the putative class-members allege a widespread administrative failure to apply the seven-year period of eligibility for SIV status-holders. Moreover, Plaintiffs' claims do not implicate any necessity to develop a detailed factual record nor do they involve any agency expertise because they relate only to the straightforward application of the seven-year eligibility period for SIV status-holders. Accordingly, the Court concludes dismissing Plaintiffs' claims for failure to exhaust would not serve the purposes of the exhaustion requirement.

On this record, therefore, the Court waives the exhaustion requirement.

## II. Mootness

Defendants next move to dismiss Plaintiffs' claims on the basis that they are moot. In particular, Defendants contend their efforts to identify and to fix the erroneously processed applications of SIV status-holders have mooted Plaintiffs' claims. Defendants assert the erroneously processed applications have now (1) been corrected; (2) are in the process of being

corrected; or (3) are unable to be corrected because SSA regulations prohibit reopening the applications. Plaintiffs, on the other hand, contend their claims are not moot because Defendants' efforts to identify and to correct the erroneously processed applications remain insufficient, and, in any event, cannot be moot until Defendants actually correct all such applications.

Plaintiffs are correct that Defendants have failed to establish that Plaintiffs' claims are moot. "[A] claim becomes moot when a plaintiff actually receives complete relief on that claim, not merely when that relief is offered or tendered." *Chen v. Allstate Ins. Co.*, 819 F3d 1136, 1138 (9th Cir. 2016). Defendants acknowledge they have not yet corrected all errors in the processing of the claims of all putative class-members and, in fact, contend they *cannot* correct some such errors. In any event, notwithstanding Defendants' contention that it cannot correct all erroneously processed applications, the Court finds Defendants have failed to demonstrate the searches they undertook have resulted in the identification of all erroneously processed applications filed by SIV status-holders. *See Nat. Res. Def. Council v. Cty. of Los Angeles*, 640 F.3d 1098, 1102 (9th Cir. 2016)(the defendant carries the "heavy" burden of demonstrating its actions have mooted the plaintiffs' claims).

Accordingly, on this record the Court concludes Plaintiffs' claims are not moot.

CONCLUSION

For these reasons, the Court DENIES Defendants' Motion to Dismiss for Lack of Jurisdiction [16].

IT IS SO ORDERED.

DATED this \_\_1\_\_ day of ~~January~~ FEB, 2019.

*Marco Hernandez*
MARCO A. HERNÁNDEZ
United States District Judge

8 – OPINION & ORDER